[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has taken this appeal, pursuant to General Statutes Section 12-117a, from the actions of the defendant in assessing certain real property owned by the plaintiff located at 154 Ferry Street, New Haven, Connecticut.
The defendant conducted a mass revaluation of all real property in New Haven as of October 1, 1991, which is the pertinent date of value in this appeal. As a result of that revaluation, the defendant determined that the fair market value of the subject property was $110,930.00, resulting in an assessment of $77,650.00. That assessment has been continued on the grand list each year. This appeal is from the grand list of October 1, 1998 and 1999, although the issue before the court concerns the fair market value of the property as of October 1, 1991.
In the case of Knoover v. West Hartford, 242 Conn. 727 (1997), the Supreme Court clarified the function of the trial court in an appeal CT Page 8422 pursuant to Section 12-117a as follows:
 Section 12-117a, which allows taxpayers to appeal the decisions of municipal boards of tax review to the Superior Court, "`provide[s] a method by which an owner of property may directly call in question the valuation placed by assessors upon his property . . .'". (citations omitted) In a § 12-117a
appeal, the trial court performs a two step function. "The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been over assessed.". (citations omitted) In this regard, "`[M]ere overvaluation is sufficient to justify redress under [§ 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation.'". (Citations omitted) "Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier." (citations omitted) "The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value including his own view of the property." (Citations omitted).
 Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to "grant such relief as to justice and equity appertains . . ." (Citations omitted). "If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property." (citations omitted). "If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." (citations omitted). Id.
The court conducted an evidentiary hearing on this matter on April 27, CT Page 8423 2000. The subject property consists of a two story brick building with a land area of 1,972 square feet, and 2,649 square feet of gross building area. The building had been constructed about eighty years ago but had been renovated in 1985. In 1991 the ground floor was being used as a restaurant and there was a two bedroom apartment on the second floor. The property is located in the Fair Haven section of New Haven.
In support of his claim that the property is over assessed, the plaintiff offered the testimony of Philip W. Ball, a certified real estate appraiser. Mr. Ball, using comparable sales, was of the opinion that the property had a fair market value, as of October 1, 1991, of $72,000.00. The defendant did not produce an expert who gave an opinion as to fair market value, as is usually done in these cases, but chose to rely on the case law that the assessment stands on its own and that the plaintiff has the burden of proving that the assessment is unfair. The defendant did offer the testimony of the assessor, William J. O'Brien, who produced evidence which indicated the basis by which the defendant found the fair market value to be $110,900.00 in 1991.
Mr. Ball supported his opinion as to fair market value by using what he believed to be five comparable sales of commercial/residential property in New Haven, all of which sold between April 1990 and August 1992. He was familiar with the details of each of his comparables. Mr. Ball testified that he considered all three approaches in determining value, income capitalization, reconstruction, and comparable sales, and concluded that a typical buyer of the subject property would utilize comparable sales in determining value. Based on these sales, and making adjustments for time, the real estate market which was declining in the 1990-1992 time frame between one and one and a half percent per month, the location, lot and building size, and poor access of the subject property, and the conditions in the real estate and mortgage markets, Mr. Ball was of the opinion that the subject property had a value by comparison of $27.50 per square foot. Using 2,616 square feet as the gross building area, he came up with a fair market value of $71,940 which he rounded off at $72,000.00.
While the defendant did not offer an opinion as to value through a qualified appraiser, it did introduce an "Assessment Valuation Summary," Exhibit 6, which purported to summarize the defendant's valuation of the subject property as of October 1, 1991. This summary contained a reconstruction analysis, five sales, and two comparable assessment settlements, which the defendant claims support the value it has placed on the subject property. The two comparable assessment settlements were on two pieces of property, 150 and 158 Ferry Street, also owned by the plaintiff, and located on either side of the subject property. The appeals on each of those properties had been settled a few years ago. The CT Page 8424 settlement values placed on those two properties, as of October 1, 1991, indicate a per square foot value of $37.57 on 150 Ferry Street and $42.13 on 158 Ferry Street. Since the per square foot value ascribed by the defendant on the subject property is $41.86 it is claimed by the defendant that the settlements support the value placed on the subject property. The court is of the opinion that the subject property has a lesser per square foot value than either 150 or 158 Ferry Street.
The defendant also claims that the appraisal of Mr. Ball was flawed because it ignored the income capitalization approach to value. Mr. O'Brien, about one week before he testified, had done an income capitalization analysis using income and expense figures submitted by the plaintiff back in 1991, and it is claimed that this analysis supports the defendant's position. Exhibit 6 did not refer to the income capitalization approach. The court finds that the comparable sales appraisal used by Mr. Ball was appropriate
The defendant further claimed that four of the comparable sales relied on by Mr. Ball were improper. Sale number three from Mr. Ball's report was alleged not to be an arm's length transaction, and since sales one, four and five occurred in 1992, the defendant claims they are not valid comparables because of the downturn in the New Haven real estate market in late 1991 and early 1992. However, Mr. Ball testified that he was familiar with the details of sale number three, and while it involved a sale to relatives, it was an arm's length transaction. He also testified that in reaching his opinion as to value, he did make adjustments for the declining market in the 1990 to 1992 time frame with respect to sales one, four and five. The court finds that Mr. Ball did use valid comparables in connection with his appraisal.
The defendant offered evidence that early in 1991 the plaintiff obtained a $100,000.00 bank mortgage on the subject property and claims that since banks never loan more than the value of the mortgaged property, this transaction supports the value placed on the property by the defendant. The evidence offered through the plaintiff and Mr. Ball with respect to the details of that loan satisfies the court that the amount of the loan was not directly related to the value of the property.
The defendant did not offer any expert who had examined the subject property and then gave his opinion as to fair market value. The defendant chose to rely on the assessment and to attempt to demonstrate why the plaintiff's evidence was insufficient to meet his burden of proof. Mr. O'Brien, the defendant's assessor, who was the primary witness for the defendant, had never been inside the subject property and was not personally familiar with either the various comparable sales relied on by CT Page 8425 the plaintiff, or the sales reflected in defendant's exhibit number 6.
Based on all the evidence produced by the plaintiff and the defendant, the court finds that the plaintiff has proven that he has been aggrieved by the decision of the Board of Assessment Appeals of the City of New Haven and that the defendant has overvalued the property for tax assessment purposes. The court finds that the fair market value of the subject property, 154 Ferry Street, to be $85,000.00 as of October 1, 1991.
The defendant is ordered to reduce the assessment to $59,500.00 and to reimburse the plaintiff for any overpayment of taxes, together with legal interest and costs. The defendant is also ordered to reimburse the plaintiff for Mr. Ball's fees totaling $1,500.00.
Hadden, J.T.R.